## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: 12-21955-asd | ) Chapter 7 Proceeding |
| | ) |
| Alfanco Beckford, Jr. | ) |
| Debtor | ) |
| | ) |
| | ) |
| Wells Fargo Bank, NA | ) |
| Movant | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| Alfanco Beckford, Jr. | ) |
| and John J. O'Neil, Trustee | ) |
| Respondent | ) |
| | ) September 10, 2012 |

### MOTION FOR RELIEF FROM AUTOMATIC STAY
### (REAL PROPERTY)

Wells Fargo Bank, NA ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of 475 Tolland Street, East Hartford, Connecticut (the "Property"). In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on August 9, 2012.

2. The Debtor(s) executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $158,860.00 (the "Note"). Movant is an entity entitled to enforce the Note and the Mortgage (defined below).

Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property.

4. Said Mortgage was assigned to the Movant by virtue of an assignment of mortgage executed February 17, 2012 and recorded in Volume 3295 at page 242 of the East Hartford Land Records.

5. The Debtors' statement of intention indicates the Property is to be surrendered.

6. As of September 10, 2012, the approximate outstanding amount of the Obligations less any partial payments or suspense balance is $157,667.46.

7. As of September 10, 2012, the Debtor(s) failed to make payments in an aggregate amount sufficient to satisfy in full the payment contractually due under the Note on July 1, 2012 or any full payment contractually due under the Note thereafter.

8. The estimated market value of the Property is $128,100.00. The basis for such valuation is Debtor's Schedule A.

9. Upon information and belief, there are no additional encumbrances on the Property.

10. The Schedules of the Debtor(s) do not list an exemption for the Property

11. Pursuant to 11 U.S.C. § 362(d)(1), cause exists for relief from the automatic stay for the following reasons:

(a) Movant's interest in the Property is not adequately protected.

(b) Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

12. WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant and any successors or assigns to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. For such other relief as the Court deems proper.

Wells Fargo Bank, NA

By /s/ Andrew S. Cannella
Andrew S. Cannella
The Movant's Attorney
Federal Bar No.ct13590
Bendett & McHugh, P.C.
270 Farmington Avenue, Suite 151
Farmington, CT 06032
Phone (860) 677-2868
Fax (860) 409-0626
Email: BKECF@bmpc-law.com