United States Bankruptcy Court
District of Connecticut

In re:  
Alfanco Beckford, Jr.  
     Debtor

Case No. 12-21955-asd  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0205-2     User: admin     Page 1 of 2     Date Rcvd: Nov 21, 2012  
                           Form ID: B18     Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 23, 2012.

```
db          +Alfanco Beckford, Jr.,    10 Nye Street,    Vernon, CT 06066-3402
7908980     +GC Services,    6330 Gulfton,    Houston, TX 77081-1198
7908983     +Howard Lee Schiff, PC,    510 Tolland Street, PO Box 280,    East Hartford, CT 06108-2523
7940881     +Murray Wellner M.D.P.C.,    10 Dale Street,    West Hartford, CT 06107-1815
7940882     +National Recovery Agency,    PO Box 67015,    Harrisburg, PA 17106-7015
7908985     +Nisssan Infiniti,    8900 Freeport Pkwy.,    Irving, TX 75063-2438
7908987      Wells Fargo Hm Mortgage,    7255 Baymeadows Wa,    Des Moines, IA  50306
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
7908977     +E-mail/Text: ebnsterling@weltman.com Nov 21 2012 18:48:58      Belden Jewelers,    375 Ghent Rd.,
              Fairlawn, OH 44333-4601
7908978     +E-mail/Text: bknotice@erccollections.com Nov 21 2012 18:51:02      Enhanced Recovery Co L,
              Attn: Client Services,    8014 Bayberry Rd,    Jacksonville, FL 32256-7412
7908979     +E-mail/Text: BKNOTICES@EAFLLC.COM Nov 21 2012 18:50:25      Equable Ascent Financial,
              1120 W. Lake Cook Rd., Ste. A,    Buffalo Grove, IL 60089-1970
7908982     +EDI: RMSC.COM Nov 21 2012 18:53:00      GEMB/HH Gregg,    Attn: Bankruptcy,    PO Box 103106,
              Roswell, GA 30076-9106
7908981     +EDI: RMSC.COM Nov 21 2012 18:53:00      Gecrb//Lowes,    PO Box 965005,    Orlando, FL 32896-5005
7908984     +EDI: MID8.COM Nov 21 2012 18:53:00      Midland Funding,    8875 Aero Dr Ste 200,
              San Diego, CA 92123-2255
7908986      EDI: PRA.COM Nov 21 2012 18:53:00      Portfolio Recovery Associates,,    Attn: Bankruptcy,
              PO Box 41067,    Norfolk, VA  23541
                                                                                              TOTAL: 7

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           Wells Fargo Bank, NA
                                                                                   TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 23, 2012**                 **Signature:** _Joseph Speetjens_

```
District/off: 0205-2           User: admin              Page 2 of 2            Date Rcvd: Nov 21, 2012
                               Form ID: B18             Total Noticed: 14
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 21, 2012 at the address(es) listed below:

              Andrew S. Cannella    on behalf of Creditor  Wells Fargo Bank, NA bkecf@bmpc-law.com
              John J. O'Neil    joneil1776@yahoo.com,   ct03@ecfcbis.com
              Kevin L. Mason    on behalf of Debtor Alfanco Beckford kevin_mason_atty@sbcglobal.net
              U. S. Trustee    USTPRegion02.NH.ECF@USDOJ.GOV
                                                                                             TOTAL: 4

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

District of Connecticut
Case No. <u>12–21955</u>
**Chapter 7**

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   Alfanco Beckford Jr.
   10 Nye Street
   Vernon, CT 06066

Social Security / Individual Taxpayer ID No.:
   xxx–xx–3523

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                                    BY THE COURT

Dated: <u>11/21/12</u>                     <u>Albert S. Dabrowski</u>
                                        United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**